# Chapter 13 Plan (Individual Adjustment of Debts)

| | | |
|---|---|---|
| ☐ | _____ | Original Plan |
| ■ | 4th | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

Debtor: Vincent M. Argall      SSN: xxx-xx-6305     Case Number: 24-10766-cjf

Joint Debtor: Megan M. Argall      SSN: xxx-xx-8363

## I. Notices

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

To All Parties: This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

**The deadline to object to the amended or modified plan is** November 11, 2024

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not Included |
| Nonstandard provisions, set out in Section VII | ■ Included | ☐ Not Included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

A. **Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. $1,197.54 for 6 months;
2. $1,200.00 for 30 months;
3. $0.00 for ___ months;
4. $0.00 for ___ months;
5. $0.00 for ___ months;
6. $0.00 for ___ months;
7. $0.00 for ___ months;
8. $0.00 for ___ months;
9. $0.00 for ___ months;
10. $0.00 for ___ months;
11. $0.00 for ___ months;
12. $0.00 for ___ months;

The total amount of estimated payments to the trustee:   $43,185.00

**B. Debtor(s)' Attorney's Fee:** ☐ None   ☐ Pro Bono

Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.

| Total Fees: | $4500.00 | Total Paid: | $1316.00 | Balance Due: | $3184.00 |
|---|---|---|---|---|---|
| Payable | | /month (Months ___ to ___ ) | | | |

## III. Treatment of Secured Claims

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.

If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

**A. Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

| 1. Creditor: | Harley Davidson Credit Corp. | | |
|---|---|---|---|
| Address: | PO Box 9013<br>Addison, TX 75001 | Arrearage on Petition Date: | $1,986.40 |
| | | Payoff on Petition Date: | $7,619.14 |
| | | Regular Payment (Maintain) | $295.00 /month |
| Account Number: | 3741 | | |
| Interest Rate: | 8.5 | | |
| Disburse adequate protection pre-confirmation $ | 295 | | |
| Other: | See Nonstandard Provision Section on Adequate Protection Payments | | |

☐ Real Property
   ☐ Principal Residence
   ☐ Other Real Property
Address of Collateral:

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

■ Personal Property/Vehicle
Description of Collateral: 2007 Harley Davidson FLHX Street Glide - Value of Collateral = $6,900.00

**B. Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.

Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

1. Creditor: _____
   Address: _____
   Arrearage on Petition Date: _____
   Payoff on Petition Date: _____
   [Select Payment Type]    $0.00 /month
   Account Number: _____
   Interest Rate: _____
   Disburse adequate protection pre-confirmation $ _____
   Other: _____

   ☐ Real Property
     ☐ Principal Residence
     ☐ Other Real Property
   Address of Collateral: _____

   Check one below for Real Property:
   ☐ Escrow is included in the regular payments
   ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

   ☐ Personal Property/Vehicle
   Description of Collateral: _____

**C. Valuation of Collateral:** ☐ NONE

The debtor requests that the court determine the allowed value of the secured claims listed below.

☐ A SEPARATE MOTION WILL BE FILED AND SERVED UPON YOU PURSUANT TO BANKRUPTCY RULE 7004.

☒ AS PROVIDED IN RULE 3012, THE DEBTOR REQUESTS THAT THE VALUE FOR each secured claim BELOW should be the *Amount of Secured Claim* set forth below. The *Amount of Secured Claim* will be paid in full with interest at the rate stated below. If the total amount of the proof of claim is less than the *Amount of Secured Claim* below, the lower amount listed on the proof of claim is allowed and will be paid in full. If no interest is stated below, the proof of claim controls the interest rate. If no interest rate is listed in the plan or proof of claim, then no interest will be paid.

IF A CREDITOR LISTED BELOW OBJECTS TO THE PROPOSED VALUATION, AN OBJECTION MUST BE FILED ON OR BEFORE:    11/11/2024

The portion of any allowed claim that exceeds the *Amount of Secured Claim* will be treated as an unsecured claim under section V of this plan. The allowed amount of the creditor's total claim listed on the proof of claim controls over the *Estimated amount of creditor's total claim* listed below.

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

1. **REAL PROPERTY:** ☒ NONE
2. **VEHICLE(S):** ☐ NONE

| 1. Creditor: Marine Credit Union | Estimated amount of creditor's total claim: | Payment |
|---|---|---|
| Address: PO Box 309, Onalaska, WI 54650-0309 | Value of Collateral: $7,684.50 | Est. total paid in plan: $8,940.00 |
| | Amount of claims senior to creditor's claim: $0.00 | Adequate Protection Payment: $298.00 |
| Account No.: 6305 | | Equal Monthly Payment: $298.00 |
| VIN: 3GCPKSE31BG194060 | Amount of Creditor's Lien: $9,045.05 | |
| Description of Collateral: 2011 Chevrolet Silverado - 256,000 miles | Interest Rate: 8.50% | |

| 2. Creditor: One Main Financial | Estimated amount of creditor's total claim: | Payment |
|---|---|---|
| Address: PO Box 3251, Evansville, IN 47731-3251 | Value of Collateral: $3,676.00 | Est. total paid in plan: $4,290.00 |
| | Amount of claims senior to creditor's claim: $0.00 | Adequate Protection Payment: $143.00 |
| Account No.: 6449 | | Equal Monthly Payment: $143.00 |
| VIN: 1GNEK13ZX4J119195 | Amount of Creditor's Lien: $9,707.37 | |
| Description of Collateral: 2004 Chevrolet Tahoe - 256,000 miles | Interest Rate: 8.50% | |

3. **PERSONAL PROPERTY:** ■ NONE

D. **LIEN AVOIDANCE** ■ NONE

E. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ NONE

■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. As to those creditors, entry of an order confirming this plan immediately (1) terminates the stay under 11 U.S.C. § 362(a) as to the collateral only, (2) terminates any stay under 11 U.S.C. § 1301, and (3) abandons the collateral under 11 U.S.C. § 554(b).

| | Name of Creditor | Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Ally Financial | 5051 | 2018 Buick Enclave - 124,000 miles VIN: 5GAEVBKW4JJ126654 |

## IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

A. **PRIORITY TAX CLAIMS:**    ☐ NONE

| Name of Creditor: | IRS |
|---|---|
| Total Due: $2,090.00 | |
| Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date. | |

B. **DOMESTIC SUPPORT OBLIGATION(S):**    ■ NONE

C. **OTHER:**    ■ NONE

## V. Treatment of Unsecured Nonpriority Creditors

A. Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED:    ☒ NONE

*Debtor(s) certifies the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☒ NONE

## VII. Non-Standard Plan Provisions

☐ NONE

☒ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Secured creditor for mortgage on 790 Kinder Street property in Richland Center to be paid outside the plan by former spouse of Debtor 1; former spouse is Debtor 1 is sole title holder of property.

Adequate Protection Payments:
Debtors' secured claims and payments thereon as set forth above include pre-confirmation interest accrued through and including 10/2024; adequate protection payments shall be equal to the monthly payment of each secured claim and shall begin 11/2024 and continue thereafter until confirmation.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing Chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Joint Debtor |
|---|---|
| Date | Date |

/s/ Noe J. Rincon      October 21, 2024
Attorney with permission to sign on      Date
Debtor(s)' behalf

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re: Vincent M. Argall  
      Megan M. Argall

Chapter 13  
Case No.: 3-24-10766-cjf

## REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

   **X**    A copy of this proposed amendment has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

   ____    A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:
   See Attached.

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

Local Form No. 3015-1.2    12/01/2017

# AMENDMENTS TO CHAPTER 13 PLAN
## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

### A. Monthly Plan Payments:

1. $1,197.54 for 6 Months
2. $1,200.00 for 30 Months

Total amount of estimated payments to the trustee: $43,185.00

### B. Debtor's Attorney Fees

Tota Fees: $4,500.00
Amount Paid: $1,316.00
Balance Due: $3,184.00

## III. Treatment of Secured Claims

### A. Payment in Full:

Creditor 1 – updated address to match Proof of Claim #9:

   Creditor: Harley Davidson Credit Corp.
   Address: PO Box 9013, Addison, TX 75001
   Secured by Vehicle:   2007 Harley Davidson FLHX Street Glide
   Value of Claim: $7619.14
   Arrears: $1,986.40
   Interest Rate: 8.5%
   Monthly Payment: $295.00
   Adequate Protection: $295.00
   Other: See Nonstandard Provision Section on Adequate Protection Payments

### C. Valuation of Collateral

Creditor 1 – Marine Credit Union

   Est. Total to be Paid: $8,940.00
   Adequate Protection Payment: $298.00
   Equal Monthly Payment: $298.00

Creditor 2 – One Main Financial

   Est. Total to be Paid: $4,290.00
   Adequate Protection Payment: $143.00
   Equal Monthly Payment: $143.00

## VII. Non-Standard Plan Provisions

Secured creditor for mortgage on 790 Kinder Street property in Richland Center to be paid outside the plan by former spouse of Debtor 1; former spouse is Debtor 1 is sole title holder of property.

Adequate Protection Payments:
Debtors' secured claims and payments thereon as set forth above include pre-confirmation interest accrued through and including 10/2024; adequate protection payments shall be equal to the monthly payment of each secured claim and shall begin 11/2024 and continue thereafter until confirmation.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:

VINCENT M. ARGALL
MEGAN M. ARGALL

Case No. 3-24-10766-cjf

Debtors.

## NOTICE OF DEBTOR'S REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

**PLEASE TAKE NOTICE** that the above-named Debtors, Vincent M. Argall and Megan M. Argall, by their attorneys, Krekeler Law, S.C., have filed papers with the Court requesting to amend their unconfirmed Chapter 13 Plan, a copy of which is attached hereto and incorporated herein.

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to eliminate or change your claim, then on or before **twenty-one days (21 Days)** from the date of this Notice you or your attorney must:

File with the court a written objection and request for hearing, explaining your objection to Debtor's Request to Amend Unconfirmed Chapter 13 Plan at:

United States Bankruptcy Court
120 North Henry Street
Madison, WI 53703

If you mail your objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

Attorney Noe J. Rincon
Krekeler Law S.C.
26 Schroeder Ct., Ste. 300
Madison, WI 53711

U.S. Trustee
780 Regent Street, Suite 304A
Madison, WI 53715

If you or your attorney does not take these steps, the court may decide that you do not oppose the Debtor's Request to Amend Unconfirmed Chapter 13 Plan and, therefore, may enter an order granting said Amended Chapter 13 Plan.

Dated this 21st day of October 2024.

**KREKELER LAW, S.C.**

By: */s/ Noe J. Rincon*
Noe J. Rincon
State Bar No. 1124893
*Attorneys for Debtors,*
Vincent M. Argall and Megal M. Argall

**ADDRESS:**
26 Schroeder Ct., Ste. 300
Madison, WI 53711
(608) 258-8555
nrincon@ks-lawfirm.com